**Merlin Earl MALONE,**
**Plaintiff-Appellant,**

v.

**DELCO BATTERY–MUNCIE, DELCO–REMY DIVISION OF GENERAL MOTORS CORPORATION, Defendant-Appellee.**

No. 74–2069.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1975.

Decided Aug. 13, 1976.

Rehearing Denied Nov. 1, 1976.

Robert S. Koor, Archie Lapin, Muncie, Ind., for plaintiff-appellant.

Herbert C. Snyder, Jr., Indianapolis, Ind., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

FAIRCHILD, Chief Judge.

Plaintiff, a retired employee of General Motors Corporation (Delco), brought an action in an Indiana Court. He sought damages for the refusal of Delco to reinstate him, contending that a provision of the collective bargaining agreement entitled him to reinstatement. Delco removed the action to the district court since it was an action within Section 301, L.M.R.A., 29 U.S.C. § 185, 28 U.S.C. § 1337. On Delco's motion for summary judgment, the district court entered judgment for Delco, and plaintiff appealed.

Plaintiff was retired April 1, 1968 for total and permanent disability, pursuant to Section 4 of the Delco pension plan. He thus became eligible for a disability pension, which Delco continues to pay. He

asserts that he has recovered from his disability. Delco denies that he has recovered, but contends that even assuming recovery, the collective bargaining agreement does not entitle plaintiff to reinstatement as long as Delco pays his pension. For the limited purpose of deciding the motion for summary judgment, Delco conceded the fact of recovery.

Section 4 of the pension plan provides for retirement and pension upon an employee's becoming totally and permanently disabled before age 65. The pension is payable during the continuance of disability until age 65. Section 4(d) provides that a disability pensioner may be required to submit to examination and that if, "on the basis of such examination it is found that the pensioner is no longer disabled . . ., the pensioner will be deemed recovered and his disability pension will cease." There is also provision for discontinuance if the pensioner refuses to be examined. A supplemental agreement spells out a procedure for determination whether a pensioner continues to be totally and permanently disabled. The Corporation makes the determination "upon the basis of medical evidence satisfactory to it." If it is determined that the pensioner is no longer totally and permanently disabled, a further inquiry is provided for if the union member of the local pension committee disagrees. Thus the plan contemplates a challenge by Delco to the continuation of disability, but not a challenge by the employee.

Section 64(f)(2) of the collective bargaining agreement provides that an employee who has been retired on a disability pension, but " who recovers and has his pension discontinued shall have his seniority reinstated."

Plaintiff contends that this provision entitles an employee, retired for disability, but who can establish in a judicial proceeding, though contested by the company, that he has recovered, to forego his pension and be reinstated. In substance, plaintiff contends that the language above quoted must be interpreted as if it read that a disabled employee "who recovers, shall have his pension discontinued and his seniority reinstated."

Delco insists on a more nearly literal construction, i. e., that there are two conditions to be fulfilled: (1) recovery and (2) discontinuance of the pension, and that, under the plan, the latter is dependent upon a procedure initiated by Delco. It would then follow that until Delco chooses to and carries out a determination under Section 4(d) of the pension plan, resulting in discontinuance of a retiree's pension, the retiree has no right to be reinstated.

We think Delco's interpretation of Section 64(f)(2) is the more reasonable, tying in, as it does, with the provisions of the plan and regulations. Those provisions extend to an employee certain safeguards if the employer decides to discontinue the pension on account of recovery from disability, but nowhere is there suggested a procedure to be followed if the employee claims recovery and seeks reinstatement when the employer is not satisfied that he has in fact recovered. No doubt the contract could have spelled out a right to reinstatement automatically upon recovery, but it did not do so expressly and it is not unreasonable to believe that the parties did not intend to require the employer to reinstate an employee, retired for disability, unless the employer is satisfied that he has in fact recovered.

Plaintiff, in opposing summary judgment, did not put in the record any facts or suggestion of facts which might aid the court in reaching an interpretation of the documents favorable to plaintiff. We are unable to find any error in resolving the issue of contract interpretation upon motion for summary judgment.

The Clerk of this court is directed to enter judgment affirming the judgment appealed from.

SWYGERT, Circuit Judge (dissenting).

In the instant case the issue is whether the collective bargaining agreement, the pension plan, and the supplmental agreements contemplate action initiated by an

employee challenging his continuing disability. The majority takes the position that such action can only be initiated by the company. I am not convinced of the majority's position under the present state of the record.

Section 64(f)(2) of the collective bargaining agreement provides in pertinent part:

An employee who has been retired on a permanent and total disability pension and who thereby has broken his seniority in accordance with subsection (1) above, but, who recovers and has his pension discontinued, shall have his seniority reinstated as though he had been on a sick leave of absence during the period of his disability retirement.

Section 4(d) of the pension plan states:

\*    \*    \*    \*    \*    \*

Any disability pensioner may be required to submit to medical examination at any time during retirement prior to age 65, but not more than semi-annually, to determine whether the pensioner is eligible for continuance of the disability pension. If on the basis of such examination it is found that the pensioner is no longer disabled or if the pensioner engages in gainful employment, except for purposes of rehabilitation as determined by the Corporation, the pensioner will be deemed recovered and his disability pension will cease. In the event the disability pensioner refuses to submit to medical examination the pension will be discontinued until the pensioner is examined.

Section B4(e) of the implementing agreement reads:

When it becomes necessary to determine whether a disability pensioner continues to be totally and permanently disabled within the meaning of the Pension Plan, the following will implement the provisions of Article II, Section 4(c)(2) and (d) of the Plan:

(1) The Corporation will make such determination upon the basis of medical evidence satisfactory to it. If it is determined that the pensioner is no longer totally and permanently disabled, the Corporation will prepare six copies of form HRP–23 "Notice of Corporation Determination— Cessation of Total and Permanent Disability Benefits" and will furnish one copy to the disability pensioner, one copy each to the members of the Local Pension Committee, and two copies to the Board.

(2) If the Union member of the Local Pension Committee disagrees with the Corporation's determination, the procedure described in Paragraph B4(d) above will apply.

The key to the construction of the contract is in the interpretation of the words: "When it becomes necessary to determine whether a disability pensioner continues to be totally and permanently disabled . ." After reading all the agreements and giving them a reasonable construction, it is not clear that only the company can raise the issue of recovery and the employee must wait for it to do so. The majority admits as much when it says Delco's interpretation is the more reasonable. One is left with the definite impression that other reasonable interpretations exist.\*

If the intent of the parties to the contract was to give the company the unilateral right to initiate the inquiry of recovery, it should be demonstrated by evidence at a trial and not decided on the basis of such scanty and incomplete evidence as an affidavit of the company's personnel director.

Because the contract provisions are ambiguous and summary judgment is appropriate only where there is no genuine issue as to any material fact, the grant of summary judgment in this case was improper.

Accordingly, I would remand the case.

---

\* The majority's construction achieves an unjust result. Under their interpretation, the company can retire a person on disability pension and keep him on it indefinitely, regardless of the person's health, as long as it chooses not to initiate a reexamination.